# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9656 | **DATE** | 6/6/2013 |
| **CASE TITLE** | Malibu Media, LLC vs. John Does 1-21, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Movants' motion to quash the subpoenas is denied, and their motion to modify the subpoena is granted. Movants' motion to sever for improper joinder is granted. Counsel for plaintiff and Movants are to participate in a telephonic conference with the court **(telephone No. 815-987-4480 ext. 2)** on Monday, June 10, 2013 at 8:45 a.m. to be arranged by plaintiff's counsel to provide input as to which defendant should not be severed and whether those defendants to be severed will be filing new cases in this Division. Finally, in light of the court's order to sever defendants into separate lawsuits, Doe 8's motion to transfer to the Eastern Division is denied without prejudice.

*Philip G. Reinhard*

Electronic Notices.

■[ For further details see text below.]

## STATEMENT - OPINION

Plaintiff Malibu Media, LLC owns the copyright to many adult entertainment motion pictures. It brought this action pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, against 21 "Doe" defendants for infringing on one of its copyrighted works, entitled "First Love." Plaintiff alleges that defendants unlawfully downloaded and distributed the motion picture by using the BitTorrent peer-to-peer sharing protocol. Counsel for Does 5, 8, and 21 (Movants) have filed appearances with this court, and now bring motions to quash the third-party subpoenas issued to their respective internet service providers, to sever for misjoinder, and to proceed anonymously. Doe 8 also brings a motion to transfer the matter to the Eastern Division of the Northern District of Illinois.

### BACKGROUND

BitTorrent is a popular peer-to-peer sharing protocol that allows for the distribution of large chunks of data. Rather than downloading a file from a single source computer, BitTorrent users join a "swarm" of host computers to download and upload pieces of a single work from each other simultaneously. More specifically, one individual, the "seeder," uploads a file containing the entire work to a "torrent site." BitTorrent causes the initial seeder's computer to send separate pieces of the file containing the work to individuals, or "peers," seeking to download the work. Each peer receives a piece of the file, and then both transmit their portion to other peers and simultaneously download the other pieces from other peers. The peers and seeders together make up a "swarm." This process allows for the distribution of large files without placing a heavy burden on the source computer and network.

Plaintiff alleges that each defendant downloaded the BitTorrent protocol onto his computer and participated in the same swarm by directly interacting and communicating with other members of that swarm. Plaintiff alleges that the "ISP to which each defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." The plaintiff further alleges that "each Defendant had copied a piece of Plaintiff's copyrighted Work . . ., and therefore, each defendant was part of the same series of transactions." According to a spreadsheet and audit attached as exhibits to the amended complaint, the 21 Does individually downloaded "First Love" on dates spanning from

**STATEMENT - OPINION**

September 5, 2012 to October 23, 2012. Plaintiff retained a company, IPP, Limited, to investigate and identify the Internet Protocol (IP) addresses that used BitTorrent to distribute plaintiff's copyrighted works. IPP discovered the 21 IP addresses of the Doe defendants.

Plaintiff filed this lawsuit on December 4, 2012 against 21 Does, and soon thereafter filed an amended complaint. Because BitTorrent allows users to upload and download anonymously, the defendants are known to plaintiff only by their individual IP addresses. On December 12, 2012, for the purpose of discovering defendants' identities and to serve process on them, plaintiff moved *ex parte* for leave to serve third-party subpoenas on the Internet Service Providers, (ISPs), that provided the IP addresses through which plaintiff's works were downloaded. Plaintiff's sought Doe defendants' names, geographical addresses, phone numbers, and Media Access Control address, a number unique to each computer. On December 19, 2012, Magistrate Judge P. Michael Mahoney granted the motion.

Movants have since had appearances filed by their attorneys, and now present the instant motions to quash or modify the subpoenas, sever, proceed anonymously, and transfer.

**DISCUSSION**

I.   Motion to Quash

Movants move to quash or modify the third-party subpoenas served onto AT&T Internet Services, AT&T U-verse, and SBC Internet Services (together AT&T), the ISPs for Movants. Federal Rule of Civil Procedure 45(a) permits the issuance of documents, electronically stored information, or other tangible things that are within a person's possession, custody, or control. *Malibu Media, LLC v. Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (Cosbey, J.). A court must quash or modify a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a non-party or its officer to travel over 100 miles; (3) requires disclosure of privileged or other protected matters if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). A court may quash or modify a subpoena if the subpoena requires the disclosure of a trade secret or other confidential research information; an unretained expert's opinion; or a non-party to incur substantial expenses to travel over 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(i)-(iii). The party seeking to quash or modify a subpoena bears the burden of demonstrating that the information sought in the subpoena subjects a person to undue burden or requires the disclosure of privileged information. *AF Holdings, LLC v. Doe*, No. 12 C 4222, 2012 WL 5520861, at *1 (N.D. Ill. Nov. 13, 2012) (Darrah, J.). Ruling on a motion to quash a subpoena is within the court's discretion. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

The subpoenas were issued to AT&T, a non-party to this action. A party has standing to move to quash a subpoena issued to a non-party if the information sought by the subpoena is privileged, or it infringes on the party's privacy interests. *Hard Drive Prods. v. Does 1-48*, No. 11 CV 9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012); *see also United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (citation omitted). Here, due to the identifying information requested in the subpoenas, Movants have "at least a minimal privacy interest in the information requested by the subpoena," which is sufficient to bring the motion to quash. *Sunlust Pictures, LLC v. Does 1-75*, No. 12 C 1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) (Tharp, J.).

Movants first argue that plaintiff's knowledge of their identifying information would subject them "to a choice between public opprobrium and private blackmail on spurious claims." The court construes their arguments to posit that compliance with the subpoena would create undue burden. In determining whether a burden is "undue," the court assesses whether "the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it." *Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004).

Here, complying with the subpoenas creates no burden for Movants, since the subpoenas were issued to AT&T. *See Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *6 (N.D. Ill. Mar. 27, 2013) (Kendall, J.) ("[b]ecause Doe 15 is not the party directed to respond to the subpoena and no action is required of him, he cannot maintain that the subpoena creates an undue burden on him."); *Sunlust Pictures, LLC*, 2012 WL 3717768, at *2 ("[t]he subpoena does not impose an undue burden on Doe because he is not the party directed to respond to it."); *Hard Drive Prods, Inc. v. Does 1-48*, No. 11-962, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012) (Kim, J.) ("the subpoenas do not burden [defendant] because they do not require any action from the movant."); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (Castillo, J.) ("[t]he subpoena's served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden; if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the

subpoena."). Accordingly, Movants' claims that plaintiff's knowledge of their identifying information would subject them to embarrassment and leave them susceptible to unfair settlement negotiation tactics, even if supported, is not sufficient to quash a subpoena. Movants' concerns over privacy and the fear over unfair settlement tactics employed by plaintiff are more appropriately addressed in their motions to proceed anonymously, discussed in Section II of this Memorandum Opinion. Furthermore, Movants' motion to quash is denied to the extent that they rely on the assertion that are wrongfully accused of stealing plaintiff's content. "[G]eneral denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos*, 276 F.R.D. at 256.

Movants also contend that the identifying information sought by the subpoena is commercial information that may be protected under Rule 45(c)(3)(B)(i). The Seventh Circuit has held that customer lists and customer information constitute trade secrets. *See Am. Family Mut. Ins. Co. v. Roth*, 485 F.3d 930, 933 (7th Cir. 2007). However, Movants advance no allegation or proof that plaintiff intends to divulge the subpoenaed information for commercial purposes. Absent that, Movants' fear that disclosure of their identities to plaintiff will lead to AT&T's competitors targeting its customers is unfounded. In light of the limited information sought by the subpoenas and the lack of any allegation that plaintiff seeks to distribute Movants' information to others, the court declines to quash the subpoena on this basis.

However, the court is persuaded that the scope of the subpoenas is too broad and should be modified. As was the case in *In re BitTorrent Copyright Infringement Cases*, 2013 WL 501443 (C.D. Ill. Feb. 11, 2013) (Gorman, J.), plaintiff here sought leave to issue subpoenas to ISPs in order to identify the defendants and to properly serve them. *Id.,* at *7. The court agrees with Movants that defendants' telephone numbers are unnecessary for plaintiff to achieve these goals. *See id.* The court therefore grants Movants' motion to modify the subpoena. To the extent that any subpoenas have been returned to plaintiff with any of the Does' telephone numbers, the court orders plaintiff to refrain from using defendants' telephone number for any purpose.

Finally, Doe 8 contends that the individual subpoena seeking his identifying information should be quashed because it is not dated, and therefore does not comply with Rule 45(a)(3). Rule 45(a)(3) requires the clerk to "issue a subpoena, signed but otherwise blank, to a party who requests it." Doe 8's argument is unfounded, as Rule 45(a)(3) plainly fails to impose any requirement that the subpoena be dated.

For the foregoing reasons, Movants' motion to quash is denied, and their motion to modify the subpoenas is granted.

II.  Motion to Proceed Anonymously

Movants seek permission from the court to proceed anonymously through the discovery phase of litigation. They assert that the threat of public disclosure of their identities would expose them to embarrassment, the possibility of which would open the door to plaintiff coercing a favorable settlement from them.

Permitting a party to proceed anonymously is generally disfavored unless exceptional circumstances justify such action. *Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *vacated on other grounds* 687 F.3d 840 (7th Cir. 2012). This presumption owes to the public's right to monitor court proceedings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). A party may nevertheless proceed anonymously if the harm done to him as a result of publicly disclosing his identity outweighs the likely harm that concealment of his identity would cause to the public and the opposing party. *Id.* Permitting a party to proceed anonymously is within the court's discretion. *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997).

Movants assert that proceeding anonymously is appropriate because the allegations against them are of a personal and embarrassing nature, and that the harm to their privacy interests exceed any harm that may be done to plaintiff or the public. The Seventh Circuit Court of Appeals has recognized that proceeding anonymously may be justified if a party is "a minor, a rape or torture victim, a closeted homosexual, or -- so far as appears -- a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing." *City of Chicago*, 360 F.3d at 669. Courts in this district have agreed that the concerns raised by Movants – namely, the fear of being exposed, potentially wrongfully, as consumers of illegally downloaded pornography, and the leverage gained by plaintiff in negotiating a settlement – justify protecting defendants' identities from public disclosure. *See Reynolds*, 2013 WL 870618, at *6-8 (recognizing that "claims against mass defendants and motions to discover defendants' identities may be used to shame defendants into settlements agreements where they may otherwise have a meritorious defense) (citation omitted); *Malibu Media, LLC v. Does 1-37*, 12 C 6674, slip op. at 1 (N.D. Ill. Jan. 9, 2013) (Feinerman, J.); *Sunlust Pictures, LLC*, 2012 WL 3717768, at *5-6 (finding that "[a] disputed allegation that Doe

illegally downloaded (and presumably viewed) a pornographic movie" is a sensitive and personal matter that justifies preserving defendant's anonymity).

Plaintiff does not object to Movants proceeding anonymously. While a court has a duty to independently ascertain the propriety of permitting a party to proceed anonymously, *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997), the court accepts plaintiff's acquiescence to Movants' motion as a concession that any harm to plaintiff would be minimal. Further, plaintiff "will know Doe's true identity and can prosecute any claims that have legal merit." *Sunlust*, 2012 WL 3717768, at *5. Nor will granting Movants' motion unduly harm the public interest. Movants presently seek to remain anonymous only through the dispositive motion stage of litigation. Movants "do not request that the case move forward under seal, nor [do they] move for a blanket protective order barring disclosure of [their] identity for the duration of this litigation." *Reynolds*, 2013 WL 870618, at *7. Lastly, the public's interest in knowing Movants' respective identities is vitiated by the fact that unlike a plaintiff bringing a similar motion, defendants did not purposely avail themselves of the federal courts. *See Sunlust*, 2012 WL 3717768, at *6.

Weighing the embarrassment that could potentially be visited upon Movants if they were exposed as consumers of illegally downloaded pornography against the minimal harm to plaintiff and the public by maintaining Movants' anonymity, this court finds that exceptional circumstances exist that justify keeping Movants' identities concealed through discovery and the filing of dispositive motions. Plaintiff is ordered to refrain from revealing Movants' respective identities unless it first obtains consent from defendants to do so.

III.    Motion to Sever

Movants move to sever for improper joinder. Defendants may be properly joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Joinder promotes judicial economies, *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000), and is strongly encouraged. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The terms "transaction" and "occurrence" are not defined in the Federal Rules of Civil Procedure, courts have interpreted the terms as "comprehend[ing] a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (Aug. 30, 2010) (Aspen, J.) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). District courts have wide discretion in determining whether joinder is proper. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). The Seventh Circuit has recognized that this discretion permits district courts to take factors other than those articulated in Rule 20 into account, such as whether joinder comports with principles of fundamental fairness, or whether joinder prejudices a party. *Id.* (citations omitted).

District courts are split over whether defendants may be joined in a single action based on their participation in a BitTorrent swarm. *Compare Reynolds*, 2013 WL 870618, at *8-16 (finding that joinder was improper); *Zambezia Film (PTY) Ltd. v. Does 1-33*, Nos. 13 C 1323, 13 C 1741, 2013 WL 1181587, at *1-2 (Mar. 20, 2013) (Shadur, J.) (same); *Malibu Media, LLC v. John Does 1-33*, No. 12 C 8940, slip op. at 2 (N.D. Ill. Dec. 12, 2012) (Conlon, J.) (same); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *11-13 (E.D.N.Y. May 11, 2012) (Brown, J.) (same); *with Malibu Media, LLC v. John Does*, 287 F.R.D. at 520-21 (finding plaintiff's allegations sufficiently alleged that defendants were involved in the same series of transactions and satisfied Rule 20(a)); *Sunlust Pictures,* 2012 WL 3717768, at *2-3 (same); *Pac. Century Int'l v. Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at *2-3 (N.D. Ill. June 12, 2012) (Leinenweber, J.) (same); *Hard Drive Prods. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 11, 2011) (Darrah, J.) (same).

This court finds that the allegations in the amended complaint fail to establish that Doe defendants' discrete acts were part of the same "series of transactions," and that joinder is inappropriate under Rule 20(a). Plaintiff claims that "each defendant downloaded the BitTorrent protocol onto his computer and participated in the same swarm by directly interacting and communicating with other members of that swarm." But this only shows that Doe defendants (1) used BitTorrent, (2) to participate in a swarm to download the same movie. Plaintiff fails to allege any facts that Does acted in concert with each other, or that any of Doe defendants' actions were dependent on any other Doe defendants' activity. Indeed, 48 days elapsed between the first and last Does downloaded "First Love," with downloading activity taking place over 17 days within that span. This does not jibe with one of BitTorrent's most attractive characteristics: the speed at which users can download large chunks of data. *See Malibu Media, LLC v. John*

**STATEMENT - OPINION**

*Does 1-33*, 12 C 8940, slip op. at 2 ("BitTorrent is designed to facilitate the *fast dissemination of data*.") (emphasis added); *see also Zambezia Film (PTY) Ltd.*, 2013 WL 1181587, at *2 (quoting Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L.Rev. 283, 295 (Nov. 2012)). In *Reynolds*, Judge Kendall succinctly articulated the reasoning behind denying joinder based on similar allegations:

Despite its cooperative design, the BitTorrent protocol's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purposes of Rule 20(a)(2). Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

2013 WL 870618, at *11. As in *Reynolds*, plaintiff's allegations that Does' participation in a swarm at some point over the course of over six weeks are not sufficient to establish that they acted in concert.

Plaintiff insists that the Doe defendants' participation in a swarm was "reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it." But absent any facts tying Does' downloading of plaintiff's work to other Does' activity, "[a]ll this means is that each putative defendant . . . is a *possible* source that *may* be able to distribute copyrighted material." *Reynolds*, 2013 WL 870618, at *13 (emphasis in original). Hence, any inference that defendants participated in the same swarm, or that their downloading of the movie depended on each others' activity, is speculative, and does not justify joinder. *Id.*

Plaintiff also asserts that the Supreme Court's decision in *United States v. Mississippi*, 380 U.S. 128 (1965), supports joinder. In that case, the Court held that joinder of six state election registrars was proper under Rule 20(a) where the complaint "charged a long-standing, carefully prepared, and faithfully observed plan" to prevent African Americans in Mississippi from voting; "a plan which the registration statistics included in the complaint would seem to show had been remarkably successful." *Id.* at 135-36. The pleading in *Mississippi* alleged a concerted, purposeful scheme that required the participation of defendants. Moreover, the success of the scheme was supported by extrinsic evidence. The amended complaint and exhibits here fail to meet either of these thresholds.

Finally, plaintiff contends that it satisfies the first prong of Rule 20(a)(2) because it adequately alleges that defendants are "severally" liable. But plaintiff only offers conclusory statements, and therefore does not persuade this court.

Because plaintiff has not established the first prong of Rule 20(a), it cannot demonstrate that joinder is proper. The court therefore grants Movants' motion to sever.

**CONCLUSION**

For the foregoing reasons, Movants' motion to quash the subpoenas is denied, and their motion to modify the subpoena is granted. Movants' motion to sever for improper joinder is granted. Counsel for plaintiff and Movants are to participate in a telephonic conference with the court **(telephone No. 815-987-4480 ext. 2)** on Monday, June 10, 2013 at 8:45 a.m. to be arranged by plaintiff's counsel to provide input as to which defendant should not be severed and whether those defendants to be severed will be filing new cases in this Division. Finally, in light of the court's order to sever defendants into separate lawsuits, Doe 8's motion to transfer to the Eastern Division is denied without prejudice.